UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kenneth Pruitt,
    Petitioner

vs                                      Case No. 1:10cv313
                                            (Barrett, J.; Hogan, M.J.)

State of Ohio,
    Respondent

## REPORT AND RECOMMENDATION

This matter is before the Court on a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by an inmate at the Hamilton County, Ohio, Justice Center (HCJC), who is awaiting sentencing by the Hamilton County Common Pleas Court after entering a guilty plea on March 22, 2010 to cocaine possession and trafficking charges, as well as to having weapons while under disability. (*See* Doc. 1). Petitioner has not paid the $5.00 filing fee. However, it appears from the "HCJC Resident Activity Report" attached to the petition that petitioner has insufficient funds to initiate this action and, therefore, should be granted *in forma pauperis* status. (*See id.*).

Although it appears that petitioner qualifies to proceed *in forma pauperis* in this matter, it also plainly appears that the petition filed after petitioner's conviction, but prior to his sentencing and entry of the final judgment, is premature and, therefore, should be dismissed without prejudice. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides in relevant part: "If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner asserts four grounds for relief in the petition. He alleges in Ground

One that "the statutory time limit within which to bring [him] to trial expired December 17th 2009" and that he "was forced to plead guilty" on March 22, 2010 after the trial court "denied all my motions, that I filed pro se, on March 18th 2010" and "threatened to give me over 30 years in prison if I go to trial and lo[]se." (Doc. 1, p. 6). In Grounds Two and Four, petitioner claims that he was "illegally arrested, detained, and charged" and that the "complaint, information and indictment are defective" given that he had no connection to the apartment where the drugs were found or to the firearm found in the apartment.[1] (*Id.*, pp. 8, 11). Finally, in Ground Three, petitioner alleges that he "did not receive a fast and speedy trial" and was deprived of the opportunitiy to confront adverse witnesses, to produce favorable witnesses, and to prepare a defense for trial. (*Id.*, p. 9).

The Court has jurisdiction under 28 U.S.C. § 2241 to consider petitions by persons in custody regardless of whether final judgment has been rendered. *Atkins v. Michigan,* 644 F.2d 543, 546 & n.1 (6th Cir.), *cert. denied,* 452 U.S. 964 (1981); *see also Fisher v. Rose,* 757 F.2d 789, 792 n.2 (6th Cir. 1985); *Delk v. Atkinson,* 665 F.2d 90, 93 (6th Cir. 1981). However, it is well-settled that a federal court should not interfere in pending state court criminal proceedings absent the threat of "irreparable injury" that is "both great and immediate." *Younger v. Harris,* 401 U.S. 37, 46 (1971). Abstention from adjudicating the merits of an affirmative defense to a state criminal charge prior to the state court's entry of the final judgment of conviction is justified by considerations of comity. *Atkins,* 644 F.2d at 546.

Intrusion into state proceedings already underway is warranted only in extraordinary circumstances. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489 (1973); *Atkins,* 644 F.2d at 546. Moreover, even if extraordinary circumstances exist to warrant federal court intervention into on-going state criminal prosecutions, the petitioner must exhaust all available state court remedies before bringing a petition for federal habeas relief. *See, e.g., Braden,* 410 U.S. at 490; *Atkins,* 644 F.2d at 546.

In this case, it is clear from the face of the petition that petitioner does not face great and immediate irreparable injury justifying federal intervention into the pending state court criminal trial proceeding or prior to his exhaustion of state appeal remedies

---

[1] Petitioner additionally alleges in Ground Four that he was unlawfully indicted because the arresting officer's statement that petitioner was "arrested in the hallway or in front of the address where the search took place ... was not true." (Doc. 1, p. 11).

2

after the trial court's entry of final judgment. The Sixth Circuit has recognized exceptions to the *Younger* abstention doctrine in only three scenarios: (1) when the petitioner seeks a speedy trial, *Atkins,* 644 F.2d at 546-47; (2) when the petitioner seeks to avoid a second trial on the ground that it would violate the Double Jeopardy Clause, *Delk,* 665 F.2d at 93; and (3) when the petitioner seeks to challenge the State's attempt to retry him rather than permit him to accept an initial plea offer originally rejected due to ineffective assistance of counsel, *Turner v. Tennessee,* 858 F.2d 1201, 1205 (6th Cir. 1988), *vacated on other grounds,* 492 U.S. 902 (1989). *See, e.g., Coleman v. Jones,* No. 3:10-cv-163, 2010 WL 1643276, at *3 (E.D. Tenn. Apr. 21, 2010) (unpublished); *Robinson v. Michigan,* No. 1:09-cv-231, 2009 WL 1067245, at *1 (W.D. Mich. Apr. 17, 2009) (unpublished). None of these exceptions apply here. Although petitioner has alleged a violation of his speedy trial rights in the petition, unlike the petitioner in *Atkins,* he does not seek a prompt trial date to ensure enforcement of his constitutional right, but rather asserts the claim as an affirmative defense in an effort to overturn the criminal charges brought against him. *Cf. Atkins,* 644 F.2d at 546-47 (pretrial consideration of an exhausted speedy trial claim was proper where the petitioner sought a prompt trial date, as opposed to dismissal of the charges, as relief); *see also Hill v. Michigan,* No. 1:07-cv-271, 2007 WL 1893911, at *1-2 (W.D. Mich. July 2, 2007) (unpublished) (citing *Atkins*, the district court found "no exceptional circumstances" existed to justify consideration of a pretrial petition where the petitioner sought to have the federal habeas court dismiss a criminal charge brought against him).

In any event, even assuming, *arguendo,* that the abstention issue cannot be resolved at the initial screening stage, it plainly appears from the face of the petition that petitioner has not exhausted available state court remedies prior to applying for federal habeas corpus relief. Petitioner states in the petition that he filed a motion "to dismiss, quash, plea in abatement, or demurrer" with the trial court on April 13, 2010, which "has not been heard at the present time." (Doc. 1, pp. 11-12). Furthermore, the trial court will be imposing a sentence and entering a final judgment in this case soon, if it has not already done so. At that juncture, petitioner will be able to pursue relief in the state courts by way of a direct appeal from his conviction and sentence to the Ohio Court of Appeals, and if the Ohio Court of Appeals issues an adverse ruling on direct appeal, by way of further appeal to the Ohio Supreme Court.

In this case, dismissal of the petition is appropriate, because none of petitioner's claims for relief have been exhausted in the state courts and because dismissal of the petition will not trigger any concerns about a potential statute of limitations bar to

3

review of a future federal habeas petition.[2]

Accordingly, in sum, the undersigned concludes that the petition filed by petitioner after his conviction, but prior to sentencing and entry of final judgment by the trial court, is premature. It also plainly appears from the face of the petition that petitioner has not exhausted his claims for relief in the state courts before filing the instant application for federal habeas relief. Therefore, it is **RECOMMENDED** that the petition be dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner be **GRANTED** leave to proceed *in forma pauperis*, but that his *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** without prejudice to refiling after petitioner has exhausted available state court remedies, which includes the pursuit of a direct appeal upon entry of final judgment by the trial court.

2. A certificate of appealability should not issue because, for the foregoing

---

[2] The "stay-and-abeyance" approach, which applies to "mixed" federal habeas petitions containing both exhausted and unexhausted claims for relief, was adopted in the Sixth Circuit to ensure that federal habeas review would not be precluded on statute of limitations grounds for the class of state prisoners "whose timely filed habeas petitions remain pending in district court past the [one-year] limitations period [set forth in 28 U.S.C. § 2244(d)], only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted," *Duncan v. Walker*, 533 U.S. 167, 184 (2001) (Stevens, J., concurring). *See, e.g., Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002). However, the discretion to issue stays in habeas cases is "circumscribed." *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1534 (2005). In cases such as this, where the statute of limitations has not even commenced running, the interest that the "stay-and-abeyance" approach was designed to protect is not implicated. *Cf. Mingo v. Michigan*, No. 1:06-CV-24, 2006 WL 151901, at *3 (W.D. Mich. Jan. 18, 2006) (unpublished) (where the district court summarily dismissed a habeas petition on exhaustion grounds, because the petitioner had more than a year remaining in the limitations period to file a timely federal habeas petition). Therefore, in the absence of any showing that a stay (as opposed to a dismissal without prejudice) is necessary at this juncture to protect petitioner's ability to obtain future federal habeas review of his claims for relief, the Court will abstain at this time from recommending a stay of the instant petition during the pendency of the state trial proceeding and while petitioner exhausts his state court appeal remedies.

reasons, petitioner has not made a substantial showing of the denial of a constitutional right that is remediable at this juncture in this proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that with respect to any application by petitioner to proceed on appeal *in forma pauperis,* an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis. See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 5/19/10
cbc

Timothy S. Hogan
United States Magistrate Judge

J:\BRYANCC\2010 habeas orders\10-313screcning.grantIFP.dism-premature-exh.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Kenneth Pruitt,
    Petitioner

vs                                 Case No. 1:10cv313
                                   (Barrett, J.; Hogan, M.J.)

State of Ohio,
    Respondent

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).